Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Laetitia Bey **Recurrida** V. Branden Hall Bey **Peticionario** | TA2026CE00052 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan Civil Núm. SJ2025MU01415 Sobre: Ley 54 ART. 2.1 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2026.

El 9 de enero de 2026, el Sr. Branden Hall Bey (señor Bey o el peticionario) compareció ante nos, por derecho propio, mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución denegando Orden de Protección* que se emitió y notificó el 8 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Municipal de San Juan (TPI). Mediante aludido dictamen, el TPI determinó que no se probó los elementos constitutivos de violencia doméstica a tenor con la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *Ley para la Prevención e Intervención con la Violencia Doméstica*, 8 LPRA sec. 601 nota *et. seq.* (Ley Núm. 54-1989), por lo que declaró No Ha Lugar la orden de protección presentada por la Sra. Laetitia Bey (señora Laetitia o la recurrida).

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción por tardío.

I.

El 17 de octubre de 2025, la señora Laetitia presentó un *Petition for Protection Order* en contra del peticionario por razón de violencia doméstica al amparo de la Ley Núm. 54-1989, *supra*.[1] Allí, alegó que, mientras había una orden de protección activa, su entonces esposo, el señor Bey ilegalmente accedió a sus cuentas personales y de negocio, al igual que utilizó su información personal para radicar una planilla federal fraudulenta. Esbozó que estos actos constituían una violación a una orden de protección ya vigente, así como a estatutos criminales y que formaba parte un patrón de control coercitivo y abuso financiero. De igual forma, manifestó que dicho incidente le había causado angustia emocional, daño económico y temor por su seguridad. Por lo cual, solicitó que se expidiera una orden de protección en contra del peticionario.

Atendida la solicitud, en esta misma fecha, el TPI expidió y notificó una *Orden de Protección Ex Parte* al amparo de la Ley Núm. 54-1989, *supra*, la cual tendría vigencia desde el 17 de octubre de 2025 hasta el 3 de noviembre de 2025.[2] A su vez, pautó una vista para el 3 de noviembre de 2025. Posteriormente, el 21 de noviembre de 2025, el TPI enmendó dicha orden a los fines de extender su vigencia hasta el 8 de diciembre de 2025 y recalendarizar la vista para esta última fecha.[3]

Celebrada la vista y evaluada la prueba presentada, el 8 de diciembre de 2025, el TPI emitió y notificó una *Resolución denegando Orden de Protección*.[4] Mediante esta, determinó que no se probaron los elementos constitutivos de violencia domestica a tenor con la Ley Núm.

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.
[2] *Véase*, Entrada Núm. 5, SUMAC TPI.
[3] *Véase*, Entrada Núm. 52, SUMAC TPI.
[4] *Véase*, Entrada Núm. 63, SUMAC TPI.

54-1989, *supra*. En vista de ello, declaró No Ha Lugar la orden de protección solicitada.

Inconforme, a pesar de haber prevalecido al denegarse el remedio solicitado en su contra, el 9 de diciembre de 2025, el señor Bey presentó una *Reconsideración y/o Enmiendas o Determinaciones Iniciales o Adicionales*.[5] En esencia, sostuvo que la resolución estaba incompleta, por lo que solicitó determinaciones de hechos y conclusiones de derecho adicionales. No obstante, en esta misma fecha, a saber, el 9 de diciembre de 2025, el TPI emitió y notificó una *Orden* donde la declaró No Ha Lugar.[6]

Aun en desacuerdo, el 9 de enero de 2026, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **1. The trial court erred by failing to issue findings of fact and conclusions of law as required by Rules 43.1 and 43.2 where requested or reasonably required.**
>
> **2. The trial court erred by issuing fragmented, incomplete, and ultra vires adjudications lacking legal finality.**
>
> **3. The trial court erred by failing to apply or delimit legal doctrines invoked by Petitioner-Appellee, including their application to Petitioner-Appellee's own conduct.**
>
> **4. The trial court erred by exercising or contemplating discretion regarding continuance without articulated standards or findings.**
>
> **5. The trial court violated due process through judicial silence in response to preserved and verified demands for adjudication.**
>
> **6. The trial court erred by proceeding without evidence or testimony from the Department of the Family, resulting in indispensable evidentiary omissions and findings affecting credibility, parental fitness and the best interest of the minor child.**

II.

-A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o

---

[5] *Véase*, Entrada Núm. 64, SUMAC TPI.
[6] *Véase*, Entrada Núm. 67, SUMAC TPI.

asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; motu proprio impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Massó,* supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román,* 2024 TSPR 129, 214 DPR ____ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, motu proprio, un recurso prematuro o tardío por carecer de jurisdicción.

**-B-**

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos de *certiorari*. En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, *supra*, establece que **"[l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia [...] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida."** (Énfasis suplido). A su vez, dispone que **el aludido término de treinta (30) días es de cumplimiento estricto y únicamente es prorrogable cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.** Íd. (Énfasis suplido)

Asimismo, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 47, 215 DPR __ (2025), señala que:

> El recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará **mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.** (Énfasis nuestro).

**-C-**

El Tribunal Supremo ha establecido que **los foros apelativos no tenemos la discreción de prorrogar los términos de cumplimiento estricto automáticamente.** (Énfasis nuestro). *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). En consecuencia, para prorrogar un término de cumplimiento estricto "**generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido**". (Énfasis nuestro). *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). **Así, la parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse**

**como justa causa.** (Énfasis nuestro). *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013). **De no hacerlo, los tribunales carecemos de discreción para prorrogar el término y, por ende, acoger el recurso ante nuestra consideración.** (Énfasis nuestro). *Rojas v. Axtmayer Ent., Inc., supra,* pág. 564. En otras palabras, si la parte peticionaria notifica la presentación del *certiorari* fuera del término correspondiente y sin justa causa, el recurso no se perfecciona y procede su desestimación por falta de jurisdicción. *Soto Pino v. Uno Radio Group,* supra, pág. 97.

**La acreditación de justa causa se realiza con explicaciones concretas, particulares y evidenciadas que le permitan al tribunal concluir que existió justa causa para la demora.** (Énfasis nuestro). *Febles v. Romar,* 159 DPR 714, 720 (2003). Por el contrario, "las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". Íd. Al respecto, el Tribunal Supremo ha expresado que "si se permite que la acreditación de la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas**,** carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza en cumplir con el término, se trastocaría nuestro ordenamiento jurídico". *Soto Pino v. Uno Radio Group,* supra, pág. 93.

De igual forma, el Tribunal Supremo ha sido enfático en requerir un cumplimiento fiel y estricto con las disposiciones reglamentarias del Tribunal de Apelaciones, ya que no puede quedar al arbitrio de los abogados decidir qué disposiciones deben acatarse y cuándo. Íd., págs. 90-91. **En fin, nuestro ordenamiento jurídico requiere que las normas que rigen los procedimientos apelativos se observen rigurosamente.** (Énfasis nuestro). *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564.

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias deben resolverse con

preferencia. Por consiguiente, de entrada, resolvemos que este Tribunal de Apelaciones carece de jurisdicción para atender la controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al **término de cumplimiento estricto de treinta (30) días** que dispone la ley sin presentar justa causa al respecto.

A tenor con el precipitado derecho, la parte adversamente afectada por una resolución del TPI podrá presentar, dentro del término de cumplimiento estricto de treinta (30) días desde el archivo en autos de copia de la notificación, un recurso de *certiorari* ante este foro revisor. Regla 52.2 (b) de Procedimiento Civil, *supra.* Ahora bien, dicho término puede prorrogarse cuando medien circunstancias especiales **debidamente sustentadas en la solicitud.** Íd. A tales efectos, la acreditación de justa causa se debe realizar mediante explicaciones concretas, particulares y evidenciadas de modo que el tribunal pueda concluir que la demora fue justificada. *Febles v. Romar,* supra, pág. 720. Así pues, "las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". Íd.

Conforme a lo expuesto, en el presente caso, la resolución recurrida fue emitida y notificada el 8 de diciembre de 2025. Posteriormente, insatisfecho con el dictamen, el 9 de diciembre de 2025, el peticionario presentó una *Reconsideración y/o Enmiendas o Determinaciones Iniciales o Adicionales.* Atendida esta solicitud, ese mismo día, a saber, **el 9 de diciembre de 2025**, el TPI dictó y notificó una *Orden* declarando No Ha Lugar la referida solicitud. Por ende, el señor Bey **tenía hasta el 8 de enero de 2026**, para presentar su petición de *certiorari.* A pesar de ello, lo presentó **el 9 de enero de 2026** donde argumentó que este foro tenía jurisdicción toda vez que el dictamen emitido fue legalmente insuficiente. Esbozó que, la resolución carecía de determinaciones de hecho y conclusiones de derecho según requerido por la Regla 43.1 de Procedimiento Civil, *supra* y que no adjudicó asuntos materiales.

No obstante, lo anterior no constituye justa causa para incumplir con el término establecido por nuestro ordenamiento jurídico. Reiteramos que la acreditación de justa causa se debe realizar con explicaciones concretas, particulares y evidencias que nos coloque en posición para concluir que la demora estuvo justificada. Dicho esto, el señor Bey no presentó las circunstancias particulares que lo llevaron a presentar su petición de *certiorari* fuera del término dispuesto por ley. Por lo que, no habiendo justa causa para no cumplir con el término establecido en nuestro ordenamiento jurídico, nos encontramos forzados a desestimar el recurso por tardío.

IV.

Por los fundamentos previamente expuestos, ***desestimamos*** el recurso de *certiorari* por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones